In re POLLARD.

(Supreme Court, Special Term, Monroe County. October 31, 1893.)

ELECTIONS AND VOTERS — REGULARITY OF NOMINATIONS — DECISION BY STATE CONVENTION—CONCLUSIVENESS.

A determination by the state convention of the party, on a contest between two delegations, as to the regularity of the conventions by which they were nominated, will, though adverse to a previous judicial determination of the same question, be thereafter treated by the courts as conclusive.

At chambers. Application of William J. Pollard for an order compelling the county clerk of Seneca county to print his name on the official ballots. Denied.

W. McDonald, for the motion.
Mr. Lewis, opposed.

ADAMS, J. The controversy which has resulted in this application is one which arose in the year 1891 between two conflicting factions of the Republican party in Seneca county, each of which claimed to be regular in its organization. At the time mentioned a proceeding similar to this was instituted for the purpose of obtaining a judicial determination of the matter; and, after a careful examination of the papers submitted, I found myself constrained to decide in favor of that element in the party known as the "Patterson Faction," and my reasons therefor were stated in an opinion which was designed to cover all the facts of the case. In re Woodworth, 16 N. Y. Supp. 147. This decision was subsequently affirmed by the general term, (64 Hun, 522, 19 N. Y. Supp. 525,) and the following year was approved by my learned associate, Mr. Justice Bradley. Notwithstanding these several adjudications, every state convention, and every judicial, congressional, and senatorial convention of the district in which Seneca county is located, which has been held since they were rendered, has seen

fit to ignore the same, and to recognize the opposing or Mongin faction as the only lawful representative of the party. The Patterson delegates have been refused admission to all of these conventions to which delegates were sent, while those of the Mongin faction were received into full fellowship, and the county committee of that faction has been made the custodian of such funds and documents as were distributed by the state committee. This being the situation, I am again asked to determine the question of regularity upon facts which, other than as above stated, are precisely the same as those which existed at the time the first adjudication was had. The proposition, therefore, which presents itself, is simply this: Shall the precedent which has been established by courts and judges, or that which has been established by political conventions, be followed?

When this controversy first required a judicial determination, it became necessary to decide it upon such facts as were established by affidavits, unaided by the action of any convention of the party; and, as those facts were thus made to appear, I had no difficulty in reaching the conclusion before mentioned. I am still satisfied that such conclusion was justified, and should now adopt it without hesitation, were it not for the fact that a different one has been so uniformly reached by the party conventions. In determining a question similar to this which arose in Monroe county, (In re Redmond, 25 N. Y. Supp. 381,) where the question of regularity had been passed upon by the state convention of the Democratic party, I have just held that the action of that body must be regarded as conclusive, and I see no reason why the same rule should not obtain in this case. The only difference is that here the state organization did not pass upon the question until after it had been determined judicially, but nevertheless both factions submitted their claims to that body; and, for the reasons stated in the opinion in the Redmond Case, I think the defeated party must now acquiesce in its decision. I am aware that this view is at variance with the one expressed by me upon the former hearing, and it likewise appears to be in conflict with that entertained by Justice Bradley in his opinion in this same matter; but, so far as any contrary view appears in my own opinion, it will be found to be merely the expression of an opinion which was not called for by the facts of the case, and it is one which, upon more deliberate reflection, I am disposed to modify. The conflict between the views here expressed and those of Justice Bradley is more apparent than real, inasmuch as it now appears that since his decision was made the regularity of the Mongin faction has been passed upon by several additional conventions, and that the opposing faction has so far acquiesced in their decisions as to omit in more than one instance to make any further demand for recognition. I still think, as already stated, that the title to regularity of the Patterson faction was pretty clearly established upon the original hearing, and that it would, in view of the provision of the statute which authorizes this proceeding, have been no more than courteous for the party conventions to have adopted the decision of the

general term, which was deliberately made after a careful and impartial hearing, but there is no way in which they can be compelled to do so; and consequently it seems to me that the only rule for courts and judges to adopt in this and all other similar contests is that they will interfere only in cases where there has been no adjudication of the question of regularity by some division of the party which is conceded to be superior in point of authority to the one in which the contention arose, provided, of course, that the question of good faith in the making of such adjudication is not involved. The adoption of a different rule will inevitably tend to bring party organizations and the courts into unseemly conflicts over questions which are peculiarly within the cognizance of the former tribunals,—a result which most certainly ought, if possible, to be avoided. The application must be denied, and the decision of the clerk of Seneca county affirmed.